IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL AGUIRRE GUTIERREZ,　　　　No. CIV S-08-2368-JAM-CMK-P

　　　　Petitioner,

　　vs.　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

DENNIS SISTO,

　　　　Respondent.

_____/

　　　　Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus and motion for a stay-and-abeyance order pending exhaustion in state court (Doc. 1).  Also before the court is petitioner's request for judicial notice (Doc. 7).

　　　　Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

1

315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims. Petitioner states in his petition that he filed a post-conviction action in the Solano County Superior Court on June 11, 2008, which was denied on August 11, 2008. Thereafter, petitioner filed a post-conviction action in the California Court of Appeal on September 8, 2008. That action is still pending. Petitioner states that, at the time he protectively filed the instant federal petition, he did not know whether the Court of Appeal would reject his post-conviction action as untimely under state law. Citing Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005), and Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005), petitioner correctly states that, in the event the state court rejected his post-conviction action as untimely, he would not be entitled to statutory tolling of the one-year limitations period under AEDPA for any of the time the post-conviction action was pending in the Court of Appeal because it would not be considered "properly filed." Petitioner seeks a stay-and-abeyance order pending resolution of the state court action.

In his request for judicial notice, filed three months after the federal petition was filed, petitioner attaches an order issued by the Court of Appeal directing the respondent to "show cause . . . why petitioner's conviction should not be set aside based on the claim of ineffective assistance of counsel. . . ." Thus, it is clear that the Court of Appeal has not rejected petitioner's post-conviction action as untimely and will consider the claim on the merits. For this reason, the post-conviction action will be considered "properly filed" for statute of limitations purposes. Therefore, the situation noted in Pace and Bonner – where most if not all of the one-year limitations period expires while an action ultimately deemed not properly filed is pending in state court – is not implicated in this case. Rather, it is clear that petitioner's claim of ineffective

assistance of counsel is unexhausted in that it is still pending in the Court of Appeal and has yet to be presented to the California Supreme Court.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed, without prejudice, for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2009

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE